NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 29 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DOUGLAS G. GRAY, an individual; ARLENE GRAY, an individual, | No. 23-55318 |
| Plaintiffs-Appellants, | D.C. No. 2:22-cv-03090-DSF-PVC |
| v. | MEMORANDUM[*] |
| JPMORGAN CHASE BANK, N.A., a Corporation, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted March 25, 2024[**]
Pasadena, California

Before: RAWLINSON, LEE, and BRESS, Circuit Judges.

Douglas and Arlene Gray are an elderly couple who unfortunately fell victim to an online scam. Arlene Gray ended up transferring almost $70,000 from her Chase Bank checking account to scammers who falsely claimed to be Amazon

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

customer service representatives. The Grays sued Chase for (1) assisting in financial abuse under California Welfare and Institutions Code §§ 15610.30 and 15657.5, and (2) negligence under California law. After granting the Grays an opportunity to amend their complaint, the district court dismissed the Grays' lawsuit with prejudice. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The Grays fail to state a claim for assisting financial abuse under § 15610.30.[1] Under the California Court of Appeal decision in *Das v. Bank of America, N.A.*, a "bank may be found to have 'assisted' the financial abuse only if it knew of the third party's wrongful conduct." 186 Cal. App. 4th 727, 745 (2010). Plaintiffs do not plead facts establishing that Chase had actual knowledge of or intentionally assisted in carrying out the fraudulent scheme. This claim thus fails.

The Grays fail to state a claim for negligence. In California, "banks have no duty to monitor withdrawals made by authorized parties in an authorized manner." *Law Firm of Fox & Fox v. Chase Bank, N.A.*, 95 Cal. App. 5th 182, 201 (2023) (citing *Kurtz-Ahlers, LLC v. Bank of Am., N.A.*, 48 Cal. App. 5th 952, 956 (2020)). And the contractual relationship between a bank and its depositors "does not involve

---

[1] We decline to certify this question to the California Supreme Court. The California appellate court in *Das* has resolved this issue and subsequent California courts of appeal have followed *Das*'s reasoning. There is no convincing evidence that the California Supreme Court would overrule *Das*. *See In re Kirkland*, 915 F.2d 1236, 1239 (9th Cir. 1990) ("[A] federal court is obligated to follow the decisions of the state's intermediate courts . . . in the absence of convincing evidence that the highest court of the state would decide differently." (cleaned up)).

any implied duty to supervise account activity or to inquire into the purpose for which the funds are being used." *Kurtz-Ahlers*, 48 Cal. App. 5th at 956 (quoting *Chazen v. Centennial Bank*, 61 Cal. App. 4th. 532, 537 (1998) (internal quotation marks omitted)). Chase thus owed no duty to the Grays to inquire into why Mrs. Gray was transferring money to Thailand.

**AFFIRMED**.